Action by the Westchester Investing Company against the New York Central & Hudson River Railroad Company.

PER CURIAM. The defendant has whatever land Hobby conveyed to its lessor, excluding the land in controversy. As its center line is fixed, and it owns 30 feet easterly of it, and as plaintiff's northwest corner was made by the same grantor to begin in the adjoining land of the railroad company, there seems no serious difficulty in determining the boundary line between the parties, and that plaintiff owns the land in question, as it is easterly of the 30 feet of land which lies east of defendant's center line. Judgment and order of the County Court of Westchester county affirmed, with costs.

WHALEN, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by Michael F. Whalen against the City of New York. E. C. Kindleberger, of New York City, for appellant. H. O. Cohen, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

WHIPPLE, Appellant, v. PRUDENTIAL INS. CO. OF AMERICA, Respondent. (Supreme Court, Appellate Division, First Department. December 18, 1914.) Action by Ida R. Whipple against the Prudential Insurance Company of America. J. M. R. Lyeth, of New York City, for appellant. A. M. Bailey, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs. Order filed.

SCOTT and HOTCHKISS, JJ., dissent.

WHITE, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 4, 1914.) Action by Jennie White, as administratrix, etc., against the Erie Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held, that if the train was going not to exceed six miles an hour as it approached and passed the crossing, as the jury must have found in view of the charge, the plaintiff's intestate was guilty of contributory negligence as matter of law.

WILLIAMS et al. v. PETER KEELER BLDG. CO. et al. In re SEIDMAN. (Supreme Court, Appellate Division, Second Department. November 27, 1914.) Action by Samuel T. Williams and another against the Peter Keeler Building Company and others. In the matter of Joseph A. Seidman, attorney.

PER CURIAM. Order of September 25th modified, so as also to send to the official referee the question of the facts and circumstances of the alleged assignment of plaintiffs' lien, and the subsequent assignment of the judgment thereon, to Mrs. Annie E. Williams, and to report what title, as against plaintiff White, said assignee thereby acquired, and, as thus modified, said order is affirmed, without costs. The appeal from the order of September 29th is dismissed, without costs.

WILLIAMS v. ST. CHRISTOPHER CLUB OF NEW YORK, Inc. (Supreme Court, Appellate Division, First Department. December 11, 1914.) Action by Eugene C. Williams against the St. Christopher Club of New York, Incorporated. No opinion. Motion denied, with $10 costs, and stay contained in order to show cause of November 19th vacated. Order filed. See, also, 150 N. Y. Supp. 1118.

WILLIAMS, Respondent, v. ST. CHRISTOPHER CLUB OF NEW YORK, Inc., Appellant. (No. 6677.) (Supreme Court, Appellate Division, First Department. December 31, 1914.) Appeal from Special Term, New York County. Action by Eugene C. Williams, as President of the St. Christopher Club, against the St. Christopher Club of New York, Incorporated. From an order granting an injunction during the pendency of the action, defendant appeals. Modified and affirmed. See, also, 150 N. Y. Supp. 1118. Frank C. Avery, of New York City, for appellant. John H. Bogardus, of New York City, for respondent.

McLAUGHLIN, J. The defendant appeals from an order enjoining it, during the pendency of the action, from using the name St. Christopher Club of New York, Incorporated, or any name similar thereto, or the name "St. Christopher A. C.," or "Red and Black Machine," or "St. Christopher Tigers." We think, upon the facts set out in this record, that the defendant was properly enjoined from using the name St. Christopher Club of New York, Incorporated; also from interfering with the "affairs, works, doings, proceedings, and moneys" of the plaintiff. This is all the relief the plaintiff asked in the complaint, and is the extent to which the injunction should have been granted. The order appealed from, therefore is modified as indicated, and, as thus modified, affirmed, without costs to either party. All concur.

WILLIAMSBURGH SAVINGS BANK v. HORN et al. (Supreme Court, Appellate Division, Second Department. December 4, 1914.) Action by the Williamsburgh Savings Bank against Fannie Horn and others. No opinion. Order of the County Court of Kings County affirmed, with $10 costs and disbursements.

In re WILSON. (Supreme Court, Appellate Division, Second Department. November 20, 1914.) In the matter of Robert H. Wilson. No opinion. Matter referred to Hon. John Clinton Gray, to take testimony and report to the court, together with his opinion thereon. See, also, 163 App. Div. 862, 146 N. Y. Supp. 1118.

WISSER LIVERY SALE & EXCHANGE STABLES, Inc., Appellant, v. RISIKOFF et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 11, 1914.) Action by the Wisser Livery Sale & Exchange Stables, Incorporated, against Louis Risikoff and another. No opinion. Order of the County Court of Kings County, denying plaintiff's motion for judgment on the pleadings, affirmed, with $10 costs and disbursements.